Case 2:23-cv-02071-CJB-DPC  Document 17  Filed 10/12/23  Page 1 of 7

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Oct 12 2023

CAROL L. MICHEL
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN HENRY PITTMAN #583397     CIVIL ACTION Nº.: 23-CV-2071

VERSUS                          DISTRICT JUDGE:

KEITH COOLEY, WARDEN            MAGISTRATE JUDGE:
                                SECTION "J"(2)

RESPONSE TO STATE'S RESPONSE TO PETITION FOR HABEAS CORPUS
RELIEF

MAY IT PLEASE THE COURT:

Comes now Brian Henry Pittman, Nº. 583397, pro se, and respectfully files this response to the State's response to petition for habeas corpus relief.

I.

Mr. Pittman is responding to the State's assertions to Claim 1 - Ineffective Assistance of Counsel "For failing to perform proper pre-trial investigation of DNA evidence"; and Claim 2 - Failing to challenge the alleged CODIS hit that led to the lead Det. Providing false info in arrest warrant.

II.

For Claim 1, the State based its analysis on its testing of the biological evidence. This does not cure counsel's ineffective performance. Mr. Pittman stated that counsel failed to do the proper pre-trial investigation of the biological evidence. This is especially crucial in light of the fact that

1

the evidence from the scene was contaminated. The State failed to address the contamination of the evidence in this their response. This presents decreased reliability in the physical evidence. It raises the question of the source of the Bull's cap. Counsel had a duty to consult with an expert concerning the DNA evidence considering that counsel lacked the requisite training and the State's claim of the hair samples being "insufficient or excessively degraded." This Honorable Court should reject the State's argument that "the Petitioner offers nothing beyond his own wishful thinking to demonstrate that testing would have definitely proven that Petitioner was not present on the scene 'and' would have identified the perpetrator of the crimes." Response to Petition for Habeas Corpus Relief, p.8.

Mr. Pittman claiming that the hair samples were not his and that proper testing/investigation would have proven that is more than enough for a showing that the outcome would have been different or what the missing evidence would have been. DNA exonerations come as a result of the defendant's DNA not being present. Additionally, counsel made no inquiries into the testing/handling of the DNA samples at the St. Tammany Parish Coroner's Office ("STPCO") or whether cross-contamination was the reason traces of Mr. Pittman's DNA were present.

Investigation has to be performed to definitively rule out human error.

### III.

For Claim 2, Mr. Pittman's inquiry into counsel's performance extends beyond the alleged typographical/clerical error. Mr. Pittman questions how Det. Crabtree developed him as a suspect in light of the discrepancy in the arrest warrant. The 10-day difference is significant considering the photographic lineup was created before the CODIS information was received. If the 10-day difference is correct and the alleged DNA CODIS his could not be used, what information did Det. Crabtree use to develop Mr. Pittman as a suspect? The victim did not provide enough information for an accurate description. Did Det. Crabtree have a prior history with Mr. Pittman? The arrest warrant is a sworn document. The need to bring sworn testimony to the jury is paramount when the State is required to prove guilty beyond a reasonable doubt.

### IV.

Mr. Pittman presents to this Court that these arguments were presented in the memorandum in support of the petition for writ of habeas corpus. The State's failure to address these arguments are either an oversight or a failure to be provided with Mr. Pittman's memorandum. Not taking for granted the possibility of the latter, a copy of the memorandum is attached

3

to this response for review by this Honorable Court and the State. The memorandum accompanied the original § 2254 application.

## CONCLUSION AND PRAYER

Mr. Pittman was denied the effective assistance of trial counsel in this case and was prejudiced by counsel's decision to not effectively investigate the contaminated DNA evidence, which resulted in a questionable "CODIS Hit" and to challenge the discrepancies presented by Lead Det. Crabtree and his authoring of an invalid arrest warrant due to its lacking probable cause.

In the interest of justice, Mr. Pittman prays that this Honorable Court grants his Writ of Habeas Corpus finding that the state courts' decision is contrary to or involves an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Alternatively, Mr. Pittman prays that an evidentiary hearing be granted where the record could be expanded and additional evidence presented to support the claim of ineffective assistance of trial counsel.

Respectfully submitted this 6th day of October, 2023, at Kinder Louisiana.

*Brian Henry Pittman, #583397*
Brian Henry Pittman, No. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.

4

Kinder, LA 70648

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the State by mailing a copy, postage pre-paid, to:

Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia St.
Covington, Louisiana 70433

This the 6th day of October, 2023, at Kinder, Louisiana.

*Brian Henry Pittman, #583397*
Brian Henry Pittman, No. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648



Brian Pittman, No. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648

LEGAL MAIL

Clerk of Court
U.S. Federal District Court
Eastern District of Louisiana
Hale Boggs Federal Bldg.
500 Poydras St., Rm. C151
New Orleans, LA 70130

ZIP 70648
02 4W
0000381938 OCT 10 2023
US POSTAGE — PITNEY BOWES
$ 002.31



INMATE CORRESPONDENCE NOT CENSORED