UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN HENRY PITTMAN | CIVIL ACTION |
| VERSUS | NO. 23-2071 |
| KEITH COOLEY, WARDEN | SECTION "J"(2) |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Currault (Rec. Doc. 18), recommending Petitioner Brian Pittman's petition for Writ of Habeas Corpus (Rec. Doc. 1) be dismissed with prejudice. Petitioner objected to the Magistrate Judge's Report and Recommendation (Rec. Doc. 19). Having considered the petition, the record, the applicable law, the Report and Recommendation, and Petitioner's objections, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

## FACTS AND PROCEDURAL BACKGROUND

The Report and Recommendation includes a detailed recounting of the facts underlying this case, but the Court provides the following summary. Pittman filed the instant petition for habeas corpus relief on May 8, 2023. He claimed two grounds for relief: (1) ineffective assistance of counsel for his attorney's failure to hire a DNA expert to analyze hair samples contained on a hat at the scene of the robbery and (2) ineffective assistance of counsel for his attorney's failure to challenge the date that the Combined DNA Index System (CODIS) match notification identified Pittman. (Rec. Doc. 1, at 5-7). Specifically, Pittman points to a discrepancy between a

1

detective's statement in his affidavit in support of the arrest warrant that the CODIS hit occurred on April 18, 2016 and the same detective's trial testimony that he created a photographic lineup on April 8, 2016 *after* receiving the CODIS hit. *Id.* (emphasis added).

Previously, multiple state courts, including the Louisiana Supreme Court, denied Pittman's applications for post-conviction relief due to ineffective assistance of counsel regarding Pittman's arguments as to his counsel's investigation of DNA evidence and the detective's statements. (Rec. Doc. 18, at 4-5). The Louisiana Supreme Court found that he failed to show that he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Pittman*, 358 So. 3d 499 (La. 3/28/23).

Magistrate Judge Currault issued the instant Report and Recommendation on December 5, 2023, recommending that Petitioner's habeas petition be dismissed with prejudice. Petitioner filed objections as to each claim on December 29, 2023.

## DISCUSSION

The Court applies de novo review to the parts of the R&R to which petitioner objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Pittman objected to the Magistrate's recommendation as to each of his claims. The Court therefore reviews each claim *de novo* below. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (holding that de novo determination requires "the district court to arrive at its own, independent

conclusion about those portions of the magistrate's report to which objection is made[, which] is not satisfied by a mere review of the magistrate's report itself"); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (holding that de novo determination "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on a magistrate's proposed findings and recommendations").

### I. Objection to finding on Claim One (DNA evidence)

Pittman claims that his trial counsel was ineffective for failing to investigate the DNA evidence and hire a DNA expert to analyze a hat containing hair samples and failing to file a motion to suppress the DNA evidence. In analyzing this claim, the Magistrate Judge noted that Pittman presented "no objective evidence at all to establish that his counsel failed to conduct a proper investigation." (Rec. Doc. 18, at 12). Instead, the record shows that counsel engaged in discovery and questioned witnesses at trial. *Id.* Second, Pittman only offered bare speculation, without evidence, that his counsel failed to investigate the DNA evidence, so the Magistrate Judge concluded that Pittman did not establish his counsel's investigation was deficient. *Id.* at 13. Third, the record reflects that his counsel actually did file a motion to exclude the DNA evidence, which was denied after a hearing. *Id.* Fourth, Pittman presented no evidence demonstrating that an expert was available or willing to testify in a manner favorable to a specific defense, so the court could not conclude counsel ineffective for failing to present testimony of a purely theoretical expert. *Id.* at 14. And finally, while defense counsel did not present a defense expert, defense counsel

did cross-examine the state's DNA expert on the DNA profile, the chain of custody and contamination. *Id.* at 15-16. Accordingly, the Magistrate Judge found that the state courts' denial of relief on this claim was reasonable under *Strickland*.

In his objection, Pittman reiterates his argument that his counsel was ineffective for failing to present a DNA expert to testify as to contamination and degradation of the hair sample on the hat. (Rec. Doc. 19, at 2-4). Although Magistrate Judge Currault reasoned that Pittman's counsel sufficiently cross-examined the state's DNA expert at trial, Pittman argues that vigorous cross-examination can cure counsel's failure to prepare before trial. *Id.* at 3.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998) (citation omitted). To prevail on a failure to investigate claim, the petitioner must provide factual support, not mere speculation, showing what exculpatory evidence further investigation by counsel would have revealed. *Id.*

Pittman's conclusory arguments do not meet this standard because he has identified no evidence at all that would have been discoverable through more pretrial investigation by counsel of the DNA evidence. Neither Pittman's objection nor the record of this case demonstrates that counsel failed to investigate the DNA evidence. Pittman's counsel participated in discovery, moved to suppress the evidence, and cross-examined witnesses at trial regarding the DNA evidence. Like the Magistrate

Judge in this case, this Court finds that Pittman failed to present evidence that counsel's investigation of the DNA evidence was deficient.

As for the failure to secure an expert, Pittman again fails to provide any evidence in support of this objection. The Fifth Circuit "has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 Fed. Appx. 296, 298 (5th Cir. 2008)). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call [an expert or lay] witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*

Pittman has not met this burden in his objection or in his previous pleadings. He has not identified a particular expert witness nor indicated how that expert would testify relevantly or favorably to his defense. Beyond his own speculation that an expert witness "would have helped the jury to understand the ramifications of cross-contamination and also would have definitively stated whether or not the sample included [others' DNA] and whether the hair samples were too degraded," Pittman has not provided the required information for claims regarding uncalled expert witnesses.

Instead, Pittman points to *Bryant v. Scott,* 28 F.3d 1411 (5th Cir. 1994) to

support his argument that counsel's cross-examination at trial does not cure counsel's failure to prepare before trial. (Rec. Doc. 19, at 3). In *Bryant*, the Fifth Circuit held that counsel was ineffective for failing to investigate or interview alibi witnesses and eyewitnesses. 28 F.3d at 1419.

However, *Bryant* is distinguishable from this case. Here, Pittman does not allege his counsel failed to investigate or interview alibi witnesses or eyewitnesses; instead, Pittman alleges counsel failed to call some unnamed expert witness to provide undefined testimony. The burden on a petitioner claiming ineffective assistance for an uncalled expert is heavier, as outlined in *Day v. Quarterman, supra*. Accordingly, this Court agrees with Magistrate Judge Currault's conclusion that Pittman is not entitled to relief for ineffective assistance of counsel as to his claim that his counsel did not call an expert witness.

Pittman also objects to Magistrate Judge Currault's determination that an evidentiary hearing was unnecessary under 28 U.S.C. § 2254(e)(2)(A). (Rec. Doc. 19, at 4). A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C § 2254(e)(2). None of these circumstances apply to this case, and therefore the Magistrate Judge was correct in concluding that an evidentiary hearing was unnecessary.

## II.     Objection to finding on Claim Two (CODIS hit)

Pittman's objections regarding his counsel's failure to investigate the discrepancy in the detective's testimony as to the date of the CODIS hit merely restate those arguments made before the Magistrate Judge and addressed in detail in the Report and Recommendation. Courts in the Fifth Circuit have recognized, "[i]n order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific." *Peterson v. Day*, No. 21-2027, 2022 WL 16758322, at *2 (E.D. La. Nov. 8, 2022) (quoting *Stone v. Director*, No. 22-512, 2022 WL 980792, at *3 (N.D. Tx. March 7, 2022)). However, objections that simply rehash or mirror the underlying claims addressed in the R&R are not entitled to de novo review, and "the district court should be spared the chore of traversing ground already plowed by the Magistrate." *Welch v. Vannoy*, No. 19-2295, 2023 WL 8184313 at *7 (E.D. La. Nov. 27, 2023) (internal citations omitted).

In his objection, Pittman does not add any additional information or evidence not included in his original claim or his reply brief. (Rec. Docs. 1, 17). He also fails to mention any specific findings or reasoning from the Magistrate Judge's R&R. Thus, the Court reviews the Magistrate Judge's findings on the issues relating to counsel's investigation of the CODIS hit under a clearly erroneous or contrary to law standard. The findings by the Magistrate Judge are not clearly erroneous or contrary to law.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Brian Henry Pittman for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 24th day of January, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE