IN THE UNITED STATES COURT OF APPEAL
FIFTH CIRCUIT

BRIAN HENRY PITTMAN, #583397

VERSUS

KEITH COOLEY, WARDEN

N°.:

PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

I.

## INTRODUCTION

On January 24, 2024, the United States District Court for the Eastern District of Louisiana entered an order denying Pittman's Petition for a Writ of Habeas Corpus.[1] Pittman received the order on January 29, 2024. The Court also ordered that a certificate of appealability ("COA") shall not issue due to Pittman not making a substantial showing that he was denied any constitutional right. Pittman requests a COA on all claims.

II.

## ARGUMENT

A. LEGAL STANDARDS FOR CERTIFICATE OF APPEALABILITY

Pursuant to *28 U.S.C. 2253(c)(2)*, a habeas petitioner cannot appeal from a district court judgment without a COA. In this case, the district court has already declined to issue a COA. *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). The United States Supreme Court reiterated in *Miller-El v. Cockrell* that a prisoner seeking a COA need only demonstrate a substantial showing of a denial of a constitutional right. *Miller-El v. Cockrell*, 537 U.S. 322, 327 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003). [Pittman]

---

[1] Civil Action No. 2:23-CV-23-2071

1

satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of the constitutional right, the petition should have been resolved in a different manner, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). "A COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El v. Cockrell*, 537 U.S at 337, 123 S.Ct. at 1039. After all, when a COA is sought, the whole premise is that the prisoner has already failed in that endeavor. *Id.* (internal citations and quotations omitted). AEDPA does not require petitioner to prove that a decision is objectively unreasonable by clear and convincing evidence . . . . A COA determination is a separate proceeding, one distinct from the underlying merits. *Miller-El v. Cockrell*, 537 U.S at 342, 123 S.Ct. at 1042.

Pittman incorporates by reference the arguments in the Response to State's Response to Petition for Habeas Corpus and the Objection to the Honorable Judge Currault's Report and Recommendation. All arguments will not be repeated, but key points will be noted.

B. PITTMAN IS ENTITLED TO A CERTIFICATE OF APPEALABILITY ON EACH CLAIM.

   1. Ineffective Assistance of Trial Counsel For Failing to Perform Proper Pre-Trial Investigation of DNA Evidence in violation of Pittman's 6th Amendment Right.

During the course of the investigation, the State presented DNA evidence that allegedly tied Pittman to the crime through DNA retrieved from a Bulls cap that was found

2

at the crime scene. Tests were performed on the bill of the cap, the manufacturer's tag, and the sweatband. The cap also contained two (2) hair follicles that were collected but were claimed to be insufficient or excessively degraded to be used according to the State. Counsel had no independent testing done on the evidence or hire an expert who could have provided further analysis. This is crucial in a case where the key evidence used by the State was in-fact contaminated. The State argued that Pittman's claim should be rejected because of the purported "wishful thinking," concerning the testing definitely showing that he was not present on the scene and that the crime was perpetrated by someone else. See Petitioner's Response to the State's Response at p. 2. Pittman maintains that the failure of counsel to have this testing done and hire a DNA expert was ineffective under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). . Judge Currault reasoned that trial counsel's preparedness can be ascertained by counsel's questioning of the witnesses at trial. (R.R. at p. 12). This Court has rejected this type of reasoning concerning counsel's failure to investigate. (Obj. to the Honorable Judge Currault's R & R, p. 3). Additionally, a reasonable jurist could find that in the face of uncertainty and contamination concerning the DNA evidence, that counsel should have had independent testing of the DNA done. Pittman's claim is not squarely foreclosed by statute, rule, or authoritative court decision, nor lacking any factual basis in the record.

2. Trial Counsel Failed to Investigate the CODIS hit which resuled in Pittman being developed as a suspect in violation of Pittman's 6th Amendment Right to Effective Counsel and Right to Due Process and Equal Protection of the Law.

3

Judge Currault relied on the State's assertion that the discrepancy between the date of the CODIS hit and the creation of the photo lineup was a clerical error. Pittman argued that clerical errors can be clarified through an explanation of how the error was committed, if the opportunity for clarification is given. . (Obj. to the Honorable Judge Currault's R & R, p. 4-5). This Honorable Court held in U.S. v. Thomas, that when faced with an affidavit containing inaccurate statements the preferred approach is to excise the inaccurate statements and then examine the residue to determine if it supports a finding of probable cause. *U.S. v. Thomas*, 489 F.2d 664, 669 (5th Cir. 1973), *cert. denied*, 423 U.S. 844, 96 S.Ct. 79, 46 L.Ed.2d 64 (1975). A jurist of reason could find that the discrepancy in dates was significant. The constitutional implications of this claim are discussed in Pittman's Obj. to the Honorable Judge Currault's R & R, p. 5-6.

III.

CONCLUSION

For the reasons started, the Court should grant a certificate of appealability as to all portions of each claim raised.

Respectfully submitted this **28th** day of **February, 2024** at Kinder, Louisiana.

*Brian Pittman, #583397*
Brian Henry Pittman, N°. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648

## CERTIFICATE OF SERVICE

I certify that I sent a copy of Petitioner's Request for a Certificate of Appealability,

by placing the same in the prison's mailbox with pre-paid postage to:

Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia St.
Covington, Louisiana 70433

Done this **28th** day of **February, 2024**, at Kinder, Louisiana.

*Brian Pittman, # 583397*
Brian Henry Pittman, Nº. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648

5

Brian Pittman, No. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648

BATON ROUGE LA 707

5 MAR 2024 PM 3 L    US POSTAGE  PITNEY BOWES
$ 000.88
ZIP 70648
02 4W
0000381938 MAR 05. 2024

Clerk of Court
U.S. Court of Appeal
Fifth Circuit
600 S. Maestri Pl., Rm. 115
New Orleans, LA 70130-3408

70130-344040

LEGAL MAIL

Brian Pittman, No. 583397
Allen Correctional Center
3751 Lauderdale Woodyard Rd.
Kinder, LA 70648

BATON ROUGE LA 707

5 MAR 2024 PM 3  US POSTAGE ᵀᴹ PITNEY BOWES

$ 000.88⁰

ZIP 70648
02 4W
0000381938 MAR 05 2024

Clerk of Court
U.S. Court of Appeal
Fifth Circuit
600 S. Maestri Pl., Rm. 115
New Orleans, LA 70130-3408

70130-344040

LEGAL MAIL